NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMILA DAVIS,<br><br>    Defendant. | Criminal Action No.: 05-0482 (JLL)<br><br>Civil Action No.: 10-4964 (JLL)<br><br>**ORDER** |

This matter comes before the Court on Defendant's motions for reconsideration of this Court's denial of Defendant's motion for a new trial and of this Court's denial of her petition to amend sentence pursuant to 28 U.S.C. § 2255.

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice (the "reconsideration elements"). N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218

(3d Cir. 1995).

Davis does not seek reconsideration based on any of these factors. Rather, Defendant seeks reconsideration "to clarify the facts and evidence presented to this Court." Although Defendant repeatedly refers to "new evidence," she is still referring to evidence that was presented in her prior motion of which she now seeks reconsideration. This evidence is not "new" in that it was not previously available during her motion for a new trial as is required to succeed on a motion for reconsideration.

As to Defendant's request that the Court revisit her petition under §2255, though couched as a motion for reconsideration, Defendant's motion is better characterized as a successive habeas petition. This claim is barred because she did not seek permission from the Third Circuit before filing it. Further, even if her claim were not barred, as this Court described in its November 28, 2011 Opinion, her substantive allegations are unavailing.

**IT IS** on this 29th day of May, 2012

**ORDERED** that Defendant's motions for reconsideration (CM/ECF Nos. 197 & 203) are denied; and it is further

**ORDERED** that Defendant's remaining pending motions under the instant criminal action number as well as under civil action number: 2:10-cv-4964 be and are hereby administratively terminated as either duplicative or improperly filed as motions; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Defendant by certified mail, return receipt requested, within 5 days of the entry of this Order.

**SO ORDERED.**

                                                                          s/ Jose L. Linares  
                                                                          JOSE L. LINARES  
                                                                          U.S. DISTRICT JUDGE